**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NUMBER 6:18-CR-00042-JDK-** |
| **v.** | § | **JDL** |
| | § | |
| | § | |
| **SHEDONNA REYSHONDA WATKINS (5)** | § | |
| | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On April 7, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Shedonna Reyshonda Watkins. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute and Distribution, and Aiding and Abetting, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of VI, was 151 to 188 months. On May 30, 2019, pursuant to a binding plea agreement, U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas sentenced Defendant to 151 months imprisonment, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug aftercare. On January 6, 2020, the term of imprisonment was reduced to 76 months. On March 14, 2025, Defendant completed her period of imprisonment and began service of the supervision term.

1

Under the terms of supervised release, Defendant was required to not unlawfully possess a controlled substance. In its petition, the government alleges that Defendant violated her conditions of supervised release on March 17, 2025, when an officer conducted a home visit and found Defendant in possession of what Defendant identified as synthetic marijuana (K2). The government further alleges that Defendant gave the K2 and drug paraphernalia to this officer.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by possessing synthetic marijuana as evidenced by Defendant's admission to use, Defendant will be in violation of Texas Health and Safety Code § 481.1161 and have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release, or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 12 months and 1 day imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that she be sentenced to 12 months and 1 day imprisonment with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve her sentence at FPC Bryan, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 8th day of April, 2025.**

_John D. Love_

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE